```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
WILLIAM QUINTANILLA,
                                    Plaintiff,

            -against-

PETE'S ARBOR CARE SERVICES, INC. and
PETER FIORE,

                                    Defendants.
-----------------------------------------------------------------------X
```

For Online Publication Only

**MEMORANDUM & ORDER**
19-CV-06894 (JMA) (ARL)

FILED
CLERK
10/10/2024 12:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Presently before the Court is Defendants' motion for reconsideration of the Court's August 6, 2024, Memorandum & Order granting in part and denying in part Plaintiff's post-trial motion for attorney's fees and costs ("Fee Decision"), and the August 7, 2024, Judgment in favor of Plaintiff composed of the damages awarded by the jury and the fees and costs awarded by the Court ("Judgment"). (ECF No. 92.) As set forth below, Defendants' motion is DENIED.

## I.   BACKGROUND

The Court presumes familiarity with the background of this unpaid wages and retaliation case, which the Court detailed in the Fee Decision. See Quintanilla v. Pete's Arbor Care Servs., Inc., No. 19-CV-06894, 2024 WL 3675900, at *1-2 (E.D.N.Y. Aug. 6, 2024). The Court sets forth herein only the facts relevant to Defendants' motion.

The jury verdict in this case awarded Plaintiff $1,600 for unpaid overtime wages that he earned when he worked for Defendants in 2015. (ECF No. 82.) The jury rejected the balance of Plaintiff's overtime claims for the years 2015 through 2019 and rejected Plaintiff's claim that Defendants retaliated against him for complaining about his wages. (Id.)

Plaintiff filed a motion that sought approximately $90,000 for attorney's fees and costs. (See ECF No. 83-1 at 1.) The Court granted in part and denied in part that motion and awarded Plaintiff approximately $35,000 in attorney's fees and costs. See Quintanilla, 2024 WL 3675900,

at *10.  The Court declined to award Plaintiff attorney's fees for (among other things) his unsuccessful retaliation claim.  Id. at *8.  For that reason, the Court explicitly declined to address Defendants' argument that any fee award must be reduced due to Plaintiff's related claim before the New York State Division of Human Rights ("NYSDHR").  Id. at *8 n.9.  Specifically, Defendants argued that Plaintiff's NYSDHR claim was relevant because it (1) asserted that Defendants fired Plaintiff for complaining about discrimination, which is inconsistent with Plaintiff's claim here that Defendants fired him for complaining about his wages, and (2) impermissibly sought the same relief as Plaintiff's retaliation claim in this case.  Id.

The Clerk of the Court entered the Judgment accounting for the jury verdict and Fee Decision.  (ECF No. 91.)

Defendants then filed the instant motion—based on reportedly new evidence—for reconsideration of the Fee Decision and Judgment under Federal Rule of Civil Procedure ("Rule") 59 and Rule 60.  (ECF No. 92.)  The Court directed Plaintiffs to refrain from responding to the motion.  (Sept. 4, 2024, Electr. Sched. Order.)

## II.    LEGAL STANDARD

Rule 59(e) allows a party to file "a motion to alter or amend a judgment" within twenty-eight days after the judgment is entered.  Fed. R. Civ. P. 59(e).  The Court may grant a Rule 59(e) motion based on "the availability of new evidence."  Salamone v. Douglas Marine Corp., 111 F.4th 221, 232 (2d Cir. 2024) (quoting Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc., 970 F.3d 133, 142 (2d Cir. 2020)).  "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted).  "Rather, the standard for granting a Rule 59 motion

2

for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (internal quotation marks and brackets omitted).

Rule 60(b) allows a party to move for relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); e.g., Metzler Inv. GmbH, 970 F.3d at 143; see also Fed. R. Civ. P. 60(c)(1) (providing timing restrictions for a Rule 60(b) motion). Rule 60(b) is "a mechanism for 'extraordinary judicial relief'" and may be "invoked only if the moving party demonstrates 'exceptional circumstances.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)). Rule 60(b) motions are "generally not favored." Toppin v. Cnty. of Nassau, 828 F. App'x 19, 22 (2d Cir. 2020) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001)).

The same standard applies to Rule 59(e) and Rule 60(b) motions based on new evidence. Metzler Inv. GmbH, 970 F.3d at 146-47 (citing Int'l Bhd. of Teamsters, 247 F.3d at 392). That standard requires the movant to establish that (1) the newly discovered evidence concerns facts that existed at the time of trial or other dispositive proceeding, (2) the movant was justifiably ignorant of those facts despite due diligence, (3) the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) the evidence is not merely cumulative or impeaching. Id.; Int'l Bhd. of Teamsters, 247 F.3d at 392.

### III.   DISCUSSION

Defendants ask the Court to reconsider the Fee Decision and, by extension, the Judgment based on one item of "new evidence." (ECF No. 92-1 ¶ 11-16.) The purported "evidence" upon which Defendants rely is the fact that "Plaintiff's attorneys have never corrected" their statement

to NYSDHR—in a footnote—that Plaintiff "lost his job due to discrimination" (the "Footnote Statement"). (Id. ¶¶ 12-14.) According to Defendants, this evidence is crucial because (1) Plaintiff insisted throughout this action that Defendants fired him in retaliation for complaining about wages, not due to discrimination, and (2) Plaintiff insisted in connection with briefing his motion for attorney's fees and costs that the Footnote Statement was a "typo." (Id. ¶¶ 11-16.) Defendants argue that the failure to correct the Footnote Statement with NYSDHR "even though almost eight months have passed since [Plaintiff's counsel] told this Court it was a mere typo" means Plaintiff's counsel intentionally misrepresented the facts to NYSDHR and this Court. (Id. ¶¶ 14-17.)

As explained below, Defendants' motion is deficient.

A.   **The Uncorrected Footnote Statement is Not New Evidence**

The failure to correct the Footnote Statement with NYSDHR "can hardly be considered 'new evidence,' given that the [uncorrected Footnote Statement] was readily available at the time of"—and was discussed in—"the earlier briefing" on Plaintiff's motion for attorney's fees and costs. Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021); see Van Buskirk v. United Grp. of Cos., 935 F.3d 49, 54 (2d Cir. 2019) (holding that a district court did not abuse its discretion in denying a motion for reconsideration predicated on new evidence because the evidence may have existed contemporaneously with the prior briefing); see also Quintanilla, 2024 WL 3675900, at *8 & n.9 (referencing Defendants' arguments about the Footnote Statement in opposition to Plaintiff's motion for attorney's fees and costs).

B.   **Even Assuming the Uncorrected Footnote Statement May Be New Evidence, Defendants Fail to Meet the Governing Standard for Reconsideration**

Even assuming the failure to correct the Footnote Statement with NYSDHR could constitute new evidence, Defendants fail to meet three prongs of the governing standard for reconsideration of the Fee Decision and Judgment based on new evidence.

4

Defendants do not even assert, much less demonstrate, that they were "justifiably ignorant" of the facts supported by the new evidence "despite due diligence." Metzler Inv. GmbH, 970 F.3d at 146 (quoting Int'l Bhd. of Teamsters, 247 F.3d at 392). Nor could they. Defendants acknowledge that they receive immediate notifications of filings in the NYSDHR proceeding. (ECF No. 92-1 ¶ 32.) Thus, Defendants could have raised Plaintiff's failure to correct the Footnote Statement at any time over the nearly eight months between Plaintiff's assertion that the Footnote Statement contained a typo and the time the Court issued the Fee Decision. (See Pl.'s Mem. L. Further Supp. Pl.'s Mot. Recov. Award Reason. Att'ys' Fees, ECF No. 87-6 at 13 (asserting in January 2024 that the Footnote Statement contained a typo)); Quintanilla, 2024 WL 3675900, at *8 n.8 (referencing the Footnote Statement in August 2024). Defendants instead remained silent about this issue for nine months. (See ECF No. 92-1 (arguing for the first time in September 2024 that the Footnote Statement remains uncorrected with NYSDHR).)

Defendants likewise fail to show that the new evidence is "of such importance that it probably would have changed the outcome" of the Fee Decision and, by extension, the Judgment. Metzler Inv. GmbH, 970 F.3d at 146-47 (quoting Int'l Bhd. of Teamsters, 247 F.3d at 392). Even with the new evidence, the Court would have taken the same approach taken in the Fee Decision. See Quintanilla, 2024 WL 3675900, at *8 n.8 (declining to address the Footnote Statement because the Court awarded no fees on Plaintiff's unsuccessful retaliation claim). Furthermore, Defendants' argument is substantively meritless and even borders on frivolous. The Footnote Statement merely explained that Plaintiff cited hearing audio recordings because he could not afford hearing transcripts. (See ECF No. 86-2 at 1 n.1 (stating in part that Plaintiff, "who lost his job due to discrimination, was unable to afford the substantial cost (approximately $5,000) for the

5

transcript.").) Defendants misplace their reliance on the Footnote Statement.[1] Outside the single non-substantive footnote to which Defendants cling, Plaintiff's submission to NYSDHR is <u>consistent</u> with the retaliation claim Plaintiff brought in this Court. Before the NYSDHR, as in this case, Plaintiff insisted that "the true reason for his termination was his complaints about [Defendants'] pay practices." (ECF No. 86-2 ¶ 30.) The discrimination claim pending with NYSDHR concerns Defendants' alleged conduct <u>before</u> they fired Plaintiff, not in firing him. (<u>See</u> <u>id.</u> ¶¶ 6-25; <u>id.</u> at 11-13; <u>see also</u> <u>id.</u> at 13-14 (separately asserting Defendants retaliated against Plaintiff in response to threatening this lawsuit by refusing to provide a positive professional reference).) The Court therefore declines Defendants' invitation to ignore the substance of Plaintiff's NYSDHR filing to cherry-pick a single clause from its non-substantive footnote.

Finally, the new evidence is "merely cumulative." <u>Metzler Inv. GmbH</u>, 970 F.3d at 146-47 (quoting <u>Int'l Bhd. of Teamsters</u>, 247 F.3d at 392). Defendants relied on essentially the same evidence—the Footnote Statement that Defendants now insist remains uncorrected—in opposition to Plaintiff's pursuit of attorney's fees. (<u>See</u> ECF No. 86-1 at 11-19); <u>Quintanilla</u>, 2024 WL 3675900, at *8 & n.9 (rejecting those arguments). The new evidence is thus redundant.[2]

---

[1] The Court would reach this conclusion even absent the explanation from Plaintiff's counsel that they misstated in that single footnote the reason why Defendants fired Plaintiff. (<u>See</u> ECF No. 87-6 at 13.)

[2] At the end of their motion for reconsideration—following twenty-six paragraphs devoted to the Footnote Statement—Defendants state that their motion "is not just about the never-corrected Typo" in the Footnote Statement. (ECF No. 92-1 ¶ 27.) Defendants assert that they also "believe the Court misapprehended the importance of what Plaintiff's attorneys told" an administrative law judge ("ALJ"). (<u>Id.</u> ¶ 28.) Defendants support that assertion by quoting a portion of a NYSDHR transcript in which Plaintiff's counsel agreed with an ALJ's summary of that case as involving discrimination against Plaintiff that predated retaliatory termination. (<u>See</u> <u>id.</u> ¶¶ 29-31.) Defendants' argument is unpersuasive. As explained above, Plaintiff has been consistent with NYSDHR and with this Court that Defendants fired him in retaliation for complaining about his wages. (ECF No. 86-2 ¶ 30.) The ALJ's description of the termination as allegedly retaliatory, rather than discriminatory, matched Plaintiff's unchanging version of events. Ultimately, Defendants' argument fails to meet the "strict" standard for reconsideration that requires them to identify "controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." <u>Cho</u>, 991 F.3d at 170 (quoting <u>Van Buskirk</u>, 935 F.3d at 54).

## IV. CONCLUSION

For the reasons stated above, Defendants' motion for reconsideration of the Fee Decision and the Judgment is DENIED.

**SO ORDERED.**

Dated: October 10, 2024
       Central Islip, New York

                                            (/s/ JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE